Gordon Andrew Petersen, II     (SBN: 279587)
LAW OFFICE OF DREW PETERSEN, P.C.
17581 Irvine Boulevard, Suite 108
Tustin, California 92780
Telephone: (714) 569-0043
Facsimile: (714) 569-0289
Email: drew@dpetersenlegal.com

Brian P. Kinder (SBN: 212332)
THE KINDER LAW GROUP, APC
19200 Von Karman Avenue, Fourth Floor
Irvine, California 92612
Telephone: (949) 216-3070
Facsimile: (949) 216-3074
Email: bkinder@tklglaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MIGUEL SOLORIO, and THESHOWLORIOS INC.**<br><br>                    Plaintiffs,<br><br>v.<br><br>**CARECO, LLC, JEFF MARTIN, TERRY ROBERTS, PAUL STROMBERG and DOES 1 to 20**, inclusive,<br><br>                    Defendants. | Case No.: 8:24-cv-00663 JVS (JDEx)<br>Judge: Hon. James V. Selna<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO DISQUALIFY DEFENDANTS' COUNSEL AND LAW FIRM**<br><br>Hearing Date: June 24, 2024<br>Time:              1:30 PM<br>Dept.:             10C |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THEIR

ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 24, 2024, at 1:30 PM, or as soon

thereafter as the parties may be heard, in Department 10C of the above captioned

Court located at 411 W. Fourth Street, Santa Ana, California 92701, Plaintiffs Miguel Solorio and TheShowlorios Inc., will and do hereby move for an Order disqualifying Defendants' Attorney, Caroline Mankey, and the law firm of Ackerman LLP from representing Defendants, and each of them, in this matter.

This motion is made upon the grounds there is an actual and direct conflict of interest between the parties, that Defendants counsel represented Miguel Solorio and Defendants prior to this litigation, and the subject matter of the representation was substantially related to the pending litigation, requiring disqualification.

This motion is based upon this notice of motion, the accompanying memorandum of points and authorities, the Declaration of Brian Kinder, the Declaration of Miguel Solorio, all records in the Court's file, and such other documentary and oral evidence which may be presented at the hearing of this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 8, 2024.

LAW OFFICE OF DREW PETERSEN, P.C.

Dated May 24, 2024       /s/_____
Gordon Andrew Petersen, II
Attorney for Defendant,
Miguel Solorio

THE KINDER LAW GROUP, APC

Dated May 24, 2024       /s/_____
Brian Kinder
Attorney for Defendant,
Miguel Solorio

# **<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES...................................................................5
MEMORANDUM OF POINTS AND AUTHORITIES.............................6
    I.    Procedural History...............................................................6
    II.   Statement of Facts..............................................................6
         A. Stromberg Application ................................................8
         B. Solorio Application....................................................9
         C. CareCo Applications................................................10
         D. False Representations of Defendants' Counsel in This
           Matter ................................................................11
    III.   Legal Standard to Disqualify Counsel....................................12
    IV.  Ms. Mankey and Ackerman LLP's Representation of Defendants
         Substantially Relates to Their Personal Representation of Solorio
         in His Prior Trademark Application......................................13
    V.   Ms. Mankey and Ackerman LLP's Representation of Defendants
         Violates California's Rule of Professional Conduct, Rule 1.9,
         Because Defendants' Interests Are Materially Adverse to Solorio, A
         Former Client.............................................................15
    VI.  Ms. Mankey and Ackerman LLP's Representation of Defendants
         Violates California's Rule of Professional Conduct, Rule 1.7,
         Prohibiting a Lawyer From Representing a Client if the
         Representation is Directly Adverse to Another Client in the Same
         or a Separate Matter......................................................17
    VII. Continued Representation of Defendants, By Ms. Mankey and
         Ackerman LLP Will Violate California's Rules of Professional
         Conduct, Rule 3.7, Prohibiting Representation by a Lawyer
         Likely to be a Witness....................................................19
    VIII. Conclusion............................................................ 20

# TABLE OF AUTHORITIES

**Cases**                                                                  **Page(s)**

*Adams v. Aerojet-General Corp.*,
    86 Cal.App.4th 1324 (2001)……………………………………18

*American Airlines Inc. v. Sheppard, Mullin, Ruchter & Hampton*,
    96 Cal.App.4th 1017 (2002)……………………………….………18

*Fiduciary Trust Int'l of Calif. V. Sup. Ct.*,
    218 Cal.App.4th 465 (2013)…………………………………………13

*Flatt v. Sup. Ct.*,
    9 Cal.4th 275 (1994)………………………………………………13

*In re Complex Asbestos Litig.*,
    232 Cal.App.3d 572 (1991)………………………………………..13

*In re County of Los Angeles*,
    223 F.3d 990 (9th Cir. 2000)………………………………………12

*Jessen v. Hartford Casualty Ins. Co.*,
    111 Cal.App.4th 698 (2003)………………………………………..16

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*,
    No. C 07-03752 JSW, 2007 WL 3203056 (N.D. Cal. 2007)………….15

*Lopez v. Lopez*,
    81 Cal.App.5th 412 (2002)………………………………………19

*Lynn v. George*,
    15 Cal.App.5th 630 (2017)………………………………………13

*O'Gara Coach Co., LLC v. Ra*,
    30 Cal.App.5th 1115 (2019)………………………………………..16

*Optyl Eyeware Fashion Intern. Corp. v. Style Companies, Ltd.*,
    760 F.2d 1045 (9th Cir 1985)………………………………………13

*People v. Rices*,

    4 Cal.5th 49 (2017)……………………………………………………19

*People v. SpeeDee Oil Change Systems, Inc.*,

    20 Cal.4th 1135……………………………………………………13

*S.E.C. v. King Chuen Tang*,

    831 F.Supp.2d 1130 (N.D. Cal. 2011)………………………………12

*Sierra v. Costco Wholesale Corp.*,

    630 F.Supp.3d 1199………………………………………………...14

*The Oaks Mgmt. Corp. v. Sup. Ct.*,

    145 Cal.App.4th 453 (2006)………………………………………12

*Visa U.S.A., Inc. v. First Data Corp.*,

    241 F.Supp.2d 1100 (N.D. Cal. 2003)………………………………13

*William H. Raley Co. v. Sup. Ct.*,

    149 Cal.App.3rd 1042………………………………………………...12

**Statutes**                                          **Page(s)**

Cal. Code of Civil Procedure § 128(a)(5)……………………………………13

**Rules**                                             **Page(s)**

Cal. Rule of Professional Conduct, Rule 1.7…………………………...17, 18

Cal. Rule of Professional Conduct, Rule 1.9………………………………16

Cal. Rule of Professional Conduct, Rule 3.7………………………………18

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Procedural History

Plaintiffs commenced this legal action against Defendants on March 27, 2024, alleging trademark infringement, breach of contract, and various business torts. In response, Defendants filed a Motion to Dismiss Case, scheduled to be heard on June 10, 2024.

The facts and circumstances in this case are related to those in *CareCo, LLC v. Solorio*, 5:24-cv-00836-JVS (JDEx), which Solorio removed to federal court based on federal question jurisdiction involving trademarks on April 19, 2024. Solorio also filed a Notice of Related Cases.

On May 8, 2024, counsel for both parties met and conferred regarding the filing of this motion, and no resolution was reached.

Solorio now brings this motion to disqualify Plaintiff's counsel, Caroline Mankey, and the firm Ackerman LLP, from representing Plaintiff CareCo, in this matter and the related case.

## II. Statement of Facts

Following termination of a June 3, 2022, agreement ("the 6/3/22 Agreement"), Solorio and CareCo are embarking on litigation in related cases involving claims of trademark infringement, among others. The trademarks at issue in the disputes include, among others, SHOE DOC™, FOAMZONE 150™, and FZ150™. CareCo asserts that Plaintiff Solorio was not using the SHOE DOC™ trademark in connection with the sale of shoe cleaning products prior to the date when the parties entered into the 6/3/22 Agreement. Plaintiff Solorio contests that allegation and asserts that sold shoe cleaning products under the SHOE DOC™ trademark long before the 6/3/22 Agreement – with the underlying product name being called SPECIAL CREAM™ as pictured below.



Plaintiff Solorio sold the SPECIAL CREAM™ product under the SHOE DOC™ brand for well over a year and half when Defendant Solorio decided to add a new line of products under the SHOE DOC™ brand. Before meeting Defendant CareCo, Plaintiff Solorio came up with the name for the new line, FOAMZONE 150™ and even created the FZ150™ logo shown below. Plaintiff Solorio then began test-marketing the products, but sales were far greater than Plaintiff Solorio expected…so Plaintiff Solorio decided to seek assistance – which is when he approached Defendant CareCo.

Prior to termination of the 6/3/22 Agreement and the commencement of this litigation, Akerman, LLP and specifically lead counsel Caroline H. Mankey, Esq. ("Ms. Mankey"), represented Plaintiff Solorio, Defendant CareCo, and an employee of CareCo, Defendant Paul Stromberg, in respect to numerous trademark applications before the U.S. Patent and Trademark Office ("USPTO"):") as follows:

| **MARK** | **SERIAL NO.** | **FILING DATE** | **APPLICANT** |
|---|---|---|---|
|  | 97192410 | Dec. 28, 2021 | Miguel Solorio |
| SHOE DOC | 97440597 | June 2, 2022 | Paul Stromberg |
| FZ150 | 98033769 | June 8, 2023 | CareCo, LLC |
|  | 98056947 | June 8, 2023 | CareCo, LLC |

### A.   Stromberg Application.

Unbeknownst to Solorio at the time, Defendant Stromberg filed an application with the USPTO (Serial No. 97440597) on June 2, 2022, (i.e., the day before the parties entered into the 6/3/22 Agreement) wherein Defendant Stromberg sought to register the SHOE DOC™ mark in his name personally for the following goods: "cleaner for use on shoes, purses, upholstery, fabrics." *See* Kinder Decl., **Ex. 1** ("the '597 Application"). On March 24, 2023, the USPTO assigned the '597 Application to an Examining Attorney who, after reviewing the application, raised various problems with the application and recommended Mr. Stromberg retain the services of a trademark attorney. *Id.* at **Ex. 2** (Office Action). On May 12, 2023, Ms. Caroline Mankey entered her appearance in the '597 Application when she filed a "Change Address or Representation Form." *Id.* at **Ex. 3** (Representation Form). When Mankey prepared and filed the above-referenced Representation Form, she did not identify Mr. Stromberg as the signatory; she identified and had the form signed by Mr. Miguel Solorio. *Ibid.* In doing so, Ms. Mankey appointed herself together with the following other attorneys of the Akerman LLP firm: "Mark D. Passler; Peter A. Chiabotti; Ryan L. Harding; Brice S. Dumais; J. Andre Cortes; Victoria J. B. Doyle; Kourtney A. Mulcahy." Thereafter, on June 22, 2023, Ms. Mankey prepared and filed a response to the Examining Attorney wherein she included the following declaration (*Id.* at **Ex. 4**

(Response to Office Action):

> "The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true."

Following that declaration, Ms. Mankey made the following representations to the USPTO:

> The applicant is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended. The mark was first used at least as early as 09/07/2020 and first used in commerce at least as early as 05/01/2022, and is now in use in such commerce. Applicant hereby submits one(or more) specimen(s) for Class 003. The specimen(s) submitted consists of photos of mark on products.



### B.   <u>Solorio Application.</u>

The same day Ms. Mankey and Ackerman LLP assumed representation on the '597 Application (i.e., May 12, 2023), they also began representing Mr. Solorio

personally in his pending application, Serial No. 97192410 ("the '410 Application)
for the DOC™ mark in a stylized form. Mr. Solorio personally filed the '410
Application with the USPTO in Dec. 2021 which inadvertently lapsed. *Id*. at **Ex. 5**
(Representation Form).  After becoming Mr. Solorio's counsel and reinstating the
'410 Application, Ms. Mankey prepared, signed and filed an Amendment to Allege
Use on behalf of Mr. Solorio on June 7, 2023. *Id.*, **Ex. 6** (Allegation of Use). In the
Amendment, Ms. Mankey personally attested to the same dates of first use set forth
'597 Application. *Id*. (i.e., attesting to first use as early as 09/07/2020 (anywhere)
and 05/01/2022 (interstate commerce)).

### C.   **CareCo Applications.**

On June 8, 2023, Ms. Mankey filed two applications with the USPTO
seeking to register the FZ150™ mark in both standard characters (Serial No.
98033769) and stylized logo (Serial No. 98056947) formats. *Id*., **Ex. 7-8**,
respectively. Mankey filed those applications in the name of Defendant CareCo
alone and attested to use of the FZ150™ marks in connection with the following
goods: "shoe cleaners and shoe conditioners." *Ibid.*  Therein, Ms. Mankey stated,
"the mark was first used by the applicant or the applicant's related company or
licensee or predecessor in interest at least as early as 05/00/2022, and first used in
commerce at least as early as 05/00/2022, and is now in use in such commerce." 
*Id.*  Notably, Ms. Mankey personally signed the applications and included the
following statements:

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.
- The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §

1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

## D.    **False Representations of Defendants' Counsel in This Matter**

In a declaration filed in support of Defendants' Motion to Dismiss Case filed in this matter, Mankey submitted a sworn declaration to this Court containing statements completely contradicting the multiple prior sworn statements made to the USPTO. Specifically, Ms. Mankey's Motion to Dismiss and her supporting declaration assert Solorio did not use the SHOE DOC™ or DOC™ trademark prior to the 6/3/22 Agreement; whereas, Ms. Mankey's ***multiple*** prior declarations attest under oath to use of the SHOE DOC™ and DOC™ marks by Solorio as early as 9/7/20 as well as use of the FZ150™ mark as early as 05/00/2022.  Ms. Mankey's filed declaration and the motion show CareCo and its affiliates intend to argue the declarations Ms. Mankey filed with the USPTO on behalf of Solorio (and the others filed on behalf of CareCo, and its employee) were false and included erroneous dates of use (Dkt. 20-1, p. 2-3):

> "As discussed in the accompanying motion, it is CareCo's position that its use of an erroneous date of first use in commerce in support of applications to register the FZ150 and SHOE DOC trademarks does not confer on Solorio any trademark rights that had not accrued before the parties' actual first use of the marks in commerce. "[A]n erroneous date of first use is immaterial because it 'could not possibly result in the allowance of a registration which would otherwise not be allowed, as long as there was technical trademark use prior to the filing of the application.'" 2 McCarthy on Trademarks and Unfair Competition § 31.74 (5th ed. 2024) (quoting Colt Industries Operating Corp. v. Olivetti Controllo Numerico S.p.A., 221 U.S.P.Q. 73, 1983 WL 51834 (T.T.A.B. 1983)). Consequently, any misstatement of the date of first use in commerce by CareCo in trademark applications does not defeat CareCo's joint ownership of the trademarks based on the parties' actual collective and contemporaneous use in commerce.
>                                         ***
> I declare under penalty of perjury pursuant to the laws of the State of California and the United States of America that the foregoing is true and correct."

Plaintiffs assert the foregoing creates an unacceptable conflict in Ackerman

LLP and Ms. Mankey's continued representation of Defendants. The California Rules of Professional Conduct do not allow an attorney to represent a client, adverse to a previous client of that same attorney, where the two representations are "substantially related." There can be no doubt that Ms. Mankey's former representation of Plaintiff Solorio, as the attorney with primary responsibility for prosecuting trademark applications directed to the very marks at issue in this case, is substantially related to the claims (and prosecution in the related case) of CareCo and the individual defendants. Under these circumstances California law conclusively presumes both that Ms. Mankey had access to confidential information of Plaintiff Solorio and the information will be shared with other attorneys at her firm. Therefore, the entire Akerman, LLP firm must be disqualified from any further representation in this litigation.

## III. Legal Standard to Disqualify Counsel

Federal Courts in California are required to look to state law to decide motions to disqualify. *S.E.C. v. King Chuen Tang*, 831 F.Supp.2d, 1130, 1141 (N.D. Cal. 2011); *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). In the Central District of California attorneys are required to adhere to the standards of professional conduct required of members of the State Bar of California. Local Rule 83-3.1.2

Under California law, the propriety of disqualification depends on the unique circumstances of the case. *The Oaks Mgmt. Corp v. Sup. Ct*, 145 Cal.App.4th 453, 464-65 (2006). During a motion to disqualify, the court is required weigh the competing interests of a party's right to counsel of choice and the financial burden of replacing disqualified counsel against the fundamental principal of fair resolution of disputes requires vigorous representation by independent counsel unencumbered by conflicts of interest. *William H. Raley Co.*

1   *v. Sup. Ct*. 149 Cal.App.3rd 1042, 1048 (1983). However, the paramount concern

2   is the preservation of public trust in the scrupulous administration of justice and the

3   integrity of the bar. *People v. SpeeDee Oil Change Systems, Inc.*, 20 Cal.4th 1135,

4   1145 (1999).

5       A party may move to disqualify an opposing party's counsel on grounds

6   recognized by law, including mandatory disqualification for a conflict of interest

7   based on a prior or current representation. *Lynn v. George*, 15 Cal.App.5th 630,

8   637 (2017). The right to disqualify counsel is within the discretion of the trial

9   court's exercise of inherent powers. *Visa U.S.A., Inc. v. First Data Corp.*, 241

10  F.Supp.2d 1100, 1103 (N.D. Cal. 2003); *In re Complex Asbestos Litig.*, 232

11  Cal.App.3rd 572, 575 (1991); Cal. Code Civ. Proc. §128, subd. (a)(5). However,

12  such motions are disfavored due to their potential for abuse and are subject to strict

13  judicial scrutiny. *Optyl Eyeware Fashion Intern. Corp. v. Style Companies, Ltd*.,

14  760 F.2d 1045, 1050 (9th Cir. 1985).

15  **IV.  Ms. Mankey and Ackerman LLP's Representation of Defendants**

16  **Substantially Relates to Their Personal Representation of Solorio in His Prior**

17  **Trademark Application.**

18      In successive representation cases, where the lawyer's duty of

19  confidentiality is the focus, if the moving party establishes a substantial

20  relationship exists between the former representation and the current litigation,

21  there is a conclusive presumption the attorney has obtained confidential

22  information from the former client, requiring disqualification. *Flatt v. Sup. Ct.*

23  *(Daniel)* 9 Cal.4th 275, 283; *Fiduciary Trust Int'l of Calif. V. Sup. Ct. (Brown)* 218

24  Cal.App.4th 465, 481 (2013). A substantial relationship exists between a prior

25  representation and the current action when evidence supports the rational

26  conclusion information material to the evaluation, prosecution, settlement, or

27  accomplishment of the former representation is also material to evaluation,

prosecution, settlement, or accomplishment of the current representation. *Sierra v. Costco Wholesale Corp.*, 630 F.Supp.3d 1199, 1205 (N.D. Cal, 2022).

There is a substantial relationship between the work Ms. Mankey and Ackerman LLP performed on behalf of Solorio, and the litigation in this case, as well as the Complaint filed by CareCo in the related matter. It is undisputed Caroline Mankey and Ackerman LLP assumed and represented Miguel Solorio personally on May 11, 2023, when he signed a Change of Representation, appointing them as his attorney before the USPTO. Kinder Decl. Ex. 5. Thereafter, Ms. Mankey submitted a petition to revive the abandoned application and made alterations and amendments to Solorio's trademark application as his attorney. *Id*. at Ex. 6. While Mankey and Ackerman were eventually relieved as Solorio's attorney, the stylized DOC™ trademark application is substantially related to the matters in CareCo's complaint.

Defendants' Motion to Dismiss filed in this action, specifically attempts to dispute and discounts any right of Solorio to any trademarks before June 3, 2022, when the written agreement was entered into with Defendant CareCo. Dkt. 20 p.8. Furthermore, Ms. Mankey submitted a sworn declaration in this case alleging the dates of first use listed in all the trademark applications above were erroneous and immaterial—contrary to the interests of Solorio and the multiple declarations she previously submitted to the USPTO. Dkt. 20-1, p. 2-3.

In the related action (*Careco v. Solorio*), CareCo's complaint alleges three causes of action: breach of written contract, breach of fiduciary duty, and declaratory relief/judgment. The complaint specifically lists Solorio's stylized DOC™ trademark application as part of the Shoe Doc Partnership's trademarks and Shoe Doc Products. Dckt. 1, Ex. 3 ¶ 20(b). The written agreement between CareCo and Solorio, as alleged by CareCo, applies to "[a]ny products derived from the branding of Shoe Doctor." *Id*. at ¶ 42. CareCo's request for declaratory

judgment also includes a request for a declaration of rights regarding Solorio's obligation not to complete with the Shoe Doc Partnership and Shoe Doc Products, and not to disparage and harm the value of Shoe Doc Partnership's trademarks. *Id*. at ¶ 52-53. Furthermore, the prayer requests an injunction prohibiting Solorio from using any of SHOE DOC (and other) registered and unregistered trademarks. *Id*. at Ex. 3, p.17, ln 23-24.

Solorio's stylized DOC™ trademark application comprises part of the trademarks CareCo seeks to bar Solorio from using or otherwise disparaging, and CareCo, claims ownership to it, contrary to Solorio's interest. CareCo's complaint alleges Solorio has no right to use or own the SHOE DOC™ and stylized DOC™ trademarks.

Mankey and Ackerman LLP represented Solorio personally with regard to both applications seeking protection for these marks in 2023, and now seek to advocate against him and the work they performed on his behalf as his personal attorney. Given the prosecution of the trademark directly relates to the issues in this lawsuit, and the related case by CareCo, there is a substantial relationship between Mankey and Ackerman LLP's prior representation of Solorio and their current representation of Defendants. In comparable circumstances, courts have not hesitated to disqualify the former attorney and their entire firm. *See e.g., Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, No. C 07-03752 JSW, 2007 WL 3203056, at *1 (N.D. Cal. 2007) (disqualifying both the attorney and entire Howrey LLP law firm where the attorney had prosecuted trademark applications on behalf of the two parties to the dispute).

Given there is a substantial relationship between the prior representation of Solorio and the representation of Defendants, there is a conclusive presumption confidential information was relayed, and Ms. Mankey and Ackerman LLP must be disqualified from advocating against Solorio in this case.

---

**IV. Ms. Mankey and Ackerman LLP's Representation of Defendants Violates California's Rule of Professional Conduct, Rule 1.9, Because The Defendants' Interest Is Materially Adverse to Solorio, a Former Client.**

California Rules of Professional Conduct, Rule 1.9, states in pertinent part,

> "(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interest are materially adverse… to the former client unless the former client giver informed written consent…

> "(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

>> "(1) use information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 acquired by virtue of the representation of the former client to the disadvantage of the former client except as these rules or the State Bar Act would permit… or

>> "(2) reveal information protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6 acquired by virtue of the representation of the former client except as these rules or the State Bar Act permit…"

In California, an attorney, even after severing their relationship with a client, may not do anything which will injuriously affect the former client in any matter in which they formerly represented the client, or use any knowledge or information acquired by the previous relationship, in accordance with the rules of professional conduct. *O'Gara Coach Co., LLC v. Ra*, 30 Cal.App.5th 1115, 1124 (2019). Furthermore, if the attorney personally provided legal advice and services to the former client, it must be presumed confidential information has passed to the attorney and there cannot be and delving into the specifics of the communications between the lawyer and former client to show the attorney did or did not receive

confidential information during the relationship. *Jessen v. Hartford Casualty Ins. Co.*, 111 Cal.App.4th 698, 709 (2003).

In this case, Ms. Mankey and Ackerman LLP are attempting to represent Defendants against their former business partner, Solorio, despite the fact the firm represented all parties previously. Furthermore, no meaningful disclosure was provided to Solorio, and informed written consent was never obtained from him. Solorio Decl. ¶ 10. Defendants' and Solorio's interests are materially adverse, as there are multiple lawsuits pending between them. Furthermore, a significant portion of the dispute involves the trademark application work performed by Ms. Mankey and Ackerman LLP on behalf of all parties relating to the SHOE DOC™ and stylized DOC™ trademarks. Permitting Ms. Mankey and Ackerman LLP to continue to represent Defendants will injuriously affect Plaintiff Solorio because they are attempting to dispute the validity of the trademark applications they submitted, prosecuted, and attested to through multiple sworn declarations on Solorio's behalf.

There is a direct conflict between Solorio and Defendants, over the trademark work performed by Ms. Mankey and Ackerman LLP. In this case, Ms. Mankey and Ackerman LLP are taking a position materially adverse to a former client, Solorio, in a substantially related matter without informed written consent. California law does not permit this and they must be disqualified from representing Defendants.

**V. Ms. Mankey and Ackerman LLP Are Violating California's Rules of Professional Conduct Rule 1.7, Prohibiting a Lawyer From Representing a Client if the Representation is Directly Adverse to Another Client in the Same or a Separate Matter.**

California Rules of Professional Conduct, Rule 1.7, states in pertinent part,

> "(a) A lawyer shall not, without informed written consent from each client… represent a client if the representation is directly adverse to another client in the same or a similar matter.
>
> "(b) A lawyer shall not, without informed written consent from each affected client… represent a client if there is a significant risk the lawyer's representation…will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client…"

This rule prohibiting an attorney from accepting representation adverse to a former client is designed to not only prevent the dishonest practitioner from fraudulent conduct, but also preclude the honest practitioner from putting themself in a position where they may be required to choose between conflicting duties, or be lead to attempt to reconcile conflicting interest. *American Airlines Inc. v. Sheppard, Mullin, Ruchter & Hampton*, 96 Cal.App.4th 1017, 1043 (2002). Furthermore, the rule must be vigorously applied to protect the former client's legitimate expectations of loyalty and trust. *Adams v. Aerojet-General Corp.*, 86 Cal.App.4th 1324, 1340 (2001).

As argued above, Ms. Mankey and Ackerman LLP's representation of Defendants against their former client, Solorio, is not permitted under California law. Defendants have signaled they intend to argue the trademark applications and work done on behalf of Solorio was erroneous, which is materially adverse to Solorio's interest. Permitting this argument by Solorio's former attorney will either encourage fraudulent conduct, or at a minimum force Mankey and Ackerman LLP to choose between their conflicting duties to Solorio and Defendants.

As a former client, Solorio has a legitimate expectation of loyalty and trust for the work performed by his counsel regarding prosecuting his trademark. The Court cannot condone Plaintiff Solorio's former attorneys attempting to invalidate

the work performed on his behalf. Accordingly, they must be disqualified in this case.

**VI.  Continued Representation of Defendants, by Mankey and Ackerman Will Violate California's Rules of Professional Conduct Rule 3.7, Prohibiting Representation by a Lawyer Likely to be a Witness.**

In California lawyers are prohibited from acting as trial counsel in a matter they are likely to be called a witness, unless the testimony relates to an uncontested matter, the nature and value of services rendered in a case, or the lawyer has obtained informed written consent. Cal. Rules Prof. Conduct, Rule 3.7. Further, the Court retains discretion to disqualify likely advocate-witness as counsel, where there is convincing demonstration of detriment to opponent or injury to the integrity of the judicial process. *Lopez v. Lopez*, 81 Cal.App.5th 412, 423 (2022). An attorney should resolve any doubt in favor of preserving the integrity of their testimony and against participation as trial counsel whenever the attorney knows they ought to be a material witness in the client's case. *People v. Rices*, 4 Cal.5th 49, 66 (2017).

This case is unique because Ms. Mankey not only requested that Solorio sign the representation form for the trademark application for SHOE DOC™ that was filed by Defendant Stromberg (which Ms. Mankey now contends is jointly owned by Solorio and CareCo), but also submitted multiple declarations to the USPTO stating she had personal knowledge of the dates of the SHOE DOC™, stylized DOC™, and FZ 150™ trademarks were first used, and when they were first used in interstate commerce. Given Defendants intends to dispute the dates in the various submitted trademark applications, Ms. Mankey is a key witness to describe the accuracy and basis of the content in the filed trademark declarations.

Moreover, permitting Solorio's former counsel to act as a witness to contradict her prior statements to the USPTO and advocate against him will be

detrimental to Solorio. Solorio would clearly suffer harm if his former counsel declared the legal work performed for him was erroneous and then were permitted to argue on behalf of his adversary's position. This obvious conflict would also damage the integrity of the legal process.

Given the fact Ms. Mankey is a necessary witness in this matter, and her continued representation of Defendants will cause injury to Solorio, she must be disqualified as counsel.

## VII. Conclusion

Ms. Mankey and Ackerman LLP are attempting to represent multiple defendants against their former client, Solorio. They have not been provided informed written consent to do so, and the representation involves the very subject matter they represented Solorio on—his prior trademark applications. Given there is a substantial relationship between the prior legal work and this case, confidential information is conclusively presumed to have been transmitted. Accordingly, continued representation of Defendants against Solorio will violate the California Rules of Professional Conduct.

Furthermore, Ms. Mankey is a key witness in this case given the content of her declarations to the USPTO, and the fact Defendants now dispute the accuracy of those declarations. California law is clear that it does not permit a lawyer to serve as an advocate and witness in the same matter.

Given the above, disqualification of Ms. Mankey and Ackerman LLP in this matter is required to avoid any further damage to Solorio, their former client.

Respectfully submitted,                     LAW OFFICE OF DREW PETERSEN, P.C.


Dated May 24, 2024                          /s/ Gordon Andrew Petersen, II
                                            Gordon Andrew Petersen, II
                                            Attorney for Defendant,
                                            Miguel Solorio


                                            THE KINDER LAW GROUP, APC

Dated May 24, 2024                          /s/ Brian Kinder
                                            Brian Kinder
                                            Attorney for Defendant,
                                            Miguel Solorio